11-3995-cv
*Cancel v. The Home Depot*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of November, two thousand twelve.

PRESENT:

> JOSÉ A. CABRANES,
> ROBERT D. SACK,
> SUSAN L. CARNEY,
>
> *Circuit Judges.*

———————————————————

FRANKIE CANCEL,

> *Plaintiff-Appellant,*

v.                                                                    No. 11-3995-cv

THE HOME DEPOT, *et al.*,

> *Defendants-Appellees.*

———————————————————

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | FRANKIE CANCEL, *pro se*, New York, NY. |
| **FOR DEFENDANTS-APPELLEES:** | DONALD R. LIVINGSTON, Akin Gump Strauss Hauer & Feld LLP, Washington, DC. |

Appeal from the judgment of the United States District Court for the Eastern District of New York (Roslynn R. Mauskopf, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Plaintiff-appellant Frankie Cancel, proceeding *pro se* throughout this litigation, sought employment at The Home Depot in 2008, but his application was denied pursuant to a company policy against hiring convicted felons. Cancel was convicted in 1992 of felony manslaughter. Cancel then filed this suit in 2010, alleging that The Home Depot's hiring policy discriminated against him because of his African American and Hispanic ethnicity in violation of 42 U.S.C. § 1981 and § 1985 and multiple state laws.[1] The defendants-appellees—The Home Depot corporation and various employees—then moved to dismiss the federal claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure. In an order dated August 24, 2011, the District Court granted the motion, dismissing Cancel's federal claims with prejudice under Rule 12(b)(6) and declining to exercise supplemental jurisdiction over his remaining state-law claims.

As relevant here, the District Court held that Cancel's "claim based on racial discrimination by disparate impact . . . is simply not cognizable under 42 U.S.C. § 1981." Dist. Ct. Op. at 6 (citing *Gen'l Bldg. Contractors Ass'n v. Pennsylvania*, 458 U.S. 375, 391 (1982)). The Court pointed out that Cancel had "fail[ed] to allege any facts supporting his contention that Home Depot engaged in intentional discrimination based on race or national origin . . . ." *Id.* Furthermore, the Court explained that it would be futile to grant Cancel leave to replead because "[i]nherent in his claim is the concept of disparate impact on racial minorities based on a facially neutral policy, which is not a recognized avenue of relief under 42 U.S.C. § 1981." *Id.*

On appeal, Cancel argues that the District Court erred because he "demonstrated racial discrimination through the disparate treatment of minorities through a discriminatory practice of disqualifying ex-offenders." Appellant's Br. 5. We assume the parties' familiarity with the facts and procedural history of this case.

---

[1] Cancel's opening brief on appeal contests the District Court's ruling only with respect to his disparate-impact discrimination claim. He did not dispute the District Court's holdings with respect to retaliation under § 1981, or his claims under § 1985. Therefore, even making due allowance for his *pro se* status, *see Small v. Sec'y of Health & Human Servs.*, 892 F.3d 15, 16 (2d Cir. 1989), he has waived those claims, *see McCarthy v. S.E.C.*, 406 F.3d 179, 186 (2d Cir. 2005) ("[A]rguments not raised in an appellant's opening brief, but only in his reply brief, are not properly before an appellate court even when the same arguments were raised in the trial court."). Regardless of waiver, though, Cancel's additional arguments are plainly meritless for the reasons stated in the District Court's opinion.

## DISCUSSION

We review the District Court's dismissal under Rule 12(b)(6) *de novo*, accepting all nonconclusory factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor. *See Famous Horse Inc. v. 5th Ave. Photo Inc.*, 624 F.3d 106, 108 (2d Cir. 2010). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* When reviewing the plausibility of discrimination claims, we may consider obvious alternative explanations for the adverse action. *Id.* at 682. We construe *pro se* complaints liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

We have reviewed the complaint *de novo* and agree with the District Court that Cancel failed to allege plausible facts showing an intent to discriminate. Cancel's claim is entirely predicated on a disparate-impact theory, which is not a valid basis for a § 1981 claim. *See Gen'l Bldg. Contractors Ass'n, Inc. v. Pennsylvania*, 458 U.S. 375, 383–91 (1982). Moreover, we conclude for substantially the reasons stated in the District Court's opinion that it would be futile to allow Cancel to amend his complaint.[2]

## CONCLUSION

We have considered all of Cancel's arguments on appeal and find them to be meritless. Accordingly, we **AFFIRM** the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[2] Title VII allows for certain employment-discrimination claims to proceed on a disparate-impact theory, *see* 42 U.S.C. § 2000e-2(k), but plaintiffs must first file a timely claim with the U.S. Equal Employment Opportunity Commission, *see id.* § 2000e-5(b), (e), (f)(1), which Cancel did not do. Moreover, in assessing futility, we have not considered the merits of Cancel's state-law claims, which the District Court dismissed without prejudice after declining to exercise supplemental jurisdiction.